IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

WILLIAM JOHNSON,

    Plaintiff,

vs.                                                                       No. 03-1037-T/An

DONAL CAMPBELL, et al.,

    Defendants.

---

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

---

Plaintiff William L. Johnson, an inmate at the Northwest Correctional Complex (NWCX), filed this complaint under 42 U.S.C. § 1983. On May 23, 2005, Johnson filed a motion for the appointment of counsel. Johnson alleges that he is "unskilled" in law, he "has been assisted by an inmate legal aide," and he will "need assistance with his case as well as courtroom or trial procedures."

A district court is vested with broad discretion in determining whether to appoint counsel for an indigent civil litigant. See Lavado v. Keohane, 992 F.2d 601, 604-05 (6th Cir. 1993). Notably, however, appointment of counsel in a civil case is not a constitutional right, and courts generally do not appoint counsel in a civil case absent a showing of "exceptional circumstances." Id. at 605-06. In determining whether an appointment is warranted, courts evaluate the type of case, the complexity of the factual and legal issues

This document entered on the docket sheet in compliance
with Rule 58 and/or 79 (a) FRCP on _06-21-05_

involved, and the ability of the litigant to represent himself. See id. at 606; Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993)("The key [for determining whether exceptional circumstances exist] is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help.") Appointment of counsel in a civil case is not appropriate when a litigant's claims are frivolous, or when the chances of success are extremely slim. See Lavado, 992 F.2d at 604-05; Maclin v. Freake, 650 F.2d 885, 887 (7th Cir. 1981)("[B]efore the court is justified in exercising its discretion in favor of appointment, it must first appear that the claim has some merit in fact and law.").

In this case, the plaintiff's motion does not demonstrate the existence of extraordinary circumstances that would warrant appointment of counsel. The plaintiff's lack of legal expertise does not serve to distinguish this case from the numerous other cases in which counsel is not appointed. Moreover, the facts concerning this claim are not complex. Johnson has filed numerous pleadings in this case, including his complaint, motions, and responses. Johnson filed the motion for appointment of counsel simultaneously with his response to the defendants' motion for summary judgment pending with the Court. Finally, the Court is aware that there is a severe shortage of attorneys willing to accept appointment to prisoner civil rights cases on a pro bono basis.

Accordingly, the Court concludes that appointment of counsel is not warranted and plaintiff's motion for appointment of counsel is DENIED.

IT IS SO ORDERED this 20th day of June, 2005.

                                                                    JAMES D. TODD
                                                             UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 58 in case 1:03-CV-01037 was distributed by fax, mail, or direct printing on June 21, 2005 to the parties listed.

---

Michael B. Schwegler
Office of the Attorney General
P.O. Box 20207
Nashville, TN 37202--020

William L. Johnson
NWCX - Site 2
#337618
960 State Route 212
Tiptonville, TN 38079

Honorable James Todd
US DISTRICT COURT