IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

WILLIAM L. JOHNSON,

    Plaintiff,

vs.

DONAL CAMPBELL, et al.,

    Defendants.

No. 03-1037-T

ORDER DISMISSING UNEXHAUSTED CLAIMS WITHOUT PREJUDICE
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
ON REMAINING CLAIMS
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER ASSESSING APPELLATE FILING FEE

    Plaintiff, William L. Johnson, Tennessee Department of Corrections (TDOC) inmate number 337618, an inmate at the Northwest Correctional Complex (NWCX), filed this pro se complaint under 42 U.S.C. § 1983, alleging that former Tennessee Department of Correction (TDOC) Commissioner Donal Campbell, NWCX Warden Fred Raney, and Dr. Lester Lewis denied him proper medical care and pain medication for his leukemia after his transfer to NWCX in December of 2001. On March 8, 2004, the Court dismissed state law claims and claims made against Campbell and Raney in their official capacities. On August 4, 2004, the Court granted Lewis' motion for summary judgment and dismissed all claims against him.

    On May 9, 2005, defendants Campbell and Raney filed a motion for summary judgment, accompanied by a memorandum in support, affidavit of Fred Raney, affidavit of Donal Campbell, certified copy of TDOC Policy Index 3 501.01, certified copy of Johnson's grievance no. 337618, and defendants' responses to plaintiff's request for production of

This document entered on the docket sheet in compliance
with Rule 58 and/or 79 (a) FRCP on   06-24-05



documents, including a copy of Johnson's TDOC medical file. Plaintiff responded to the motion to dismiss on May 23, 2005. The bases for defendants' motion for summary judgment are:

1. Section 1983 liability cannot be imposed upon state prison officials based solely on their denial of an inmate's administrative grievance or their failure to act on information contained in the grievance;

2. Defendants did not violate plaintiff's Eighth or Fourteenth Amendment rights; and

3. Defendants are entitled to qualified immunity.

The following undisputed facts appear in the record:

1. The plaintiff is William Johnson, TDOC registration no. 337618. (Complaint, p. 1)

2. Johnson suffers from myelogenous leukemia. (Complaint, p. 2, para. 5; p. 3 para. 9, Defendants' response to Request No. 1: Johnson's medical file)

3. Johnson filed inmate grievance no 00139661 in which he complained that his prescribed medication was not relieving the pain in his spleen, that he ran out of the medication on Oct. 1, 2002, and that although he had signed up to see the doctor on September 3, 2002, he had not seen the doctor as of October 11, 2002, the day he signed his grievance. Johnson requested the administration to correct the problem and provide him the proper medical care. (Certified copy of grievance)

4. On October 15, 2002, the grievance board chairman responded that Johnson's grievance was "deemed inappropriate per policy 501.01. Grievance is past the 7 day filing limit." (Certified copy of response)

5. On October 15, 2002, defendant Raney agreed with the response but also made a notation that a copy of the grievance should be sent to the health administrator to check on the situation. (Certified copy of response)

6. On November 6, 2002, Assistant TDOC Commissioner Cook concurred with defendant Raney. (Certified copy of Commissioner's response)

7. Defendants Raney and Campbell are not physicians. The record does not reflect that the defendants participated in any decisions regarding Johnson's medical treatment. The record does not reflect that defendant Raney was aware of any problem with Johnson's treatment until reviewing plaintiff's grievance. The record does not reflect that defendant Campbell was aware of Johnson's medical condition or the treatment received until this litigation was instituted. (Affidavits of Raney and Campbell)

Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "So long as the movant has met its initial burden of "demonstrat[ing] the absence of a genuine issue of material fact," id. at 323, the nonmoving party then "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). If the nonmoving party is unable to make such a showing, summary judgment is appropriate. Emmons v. McLaughlin, 874 F.2d 351, 353 (6th Cir. 1989). In considering a motion for summary judgment, "the evidence as well as the inferences drawn therefrom must be read in the light most favorable to the party opposing the motion." Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986).

Pursuant to Rule 56(e), a "party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but must set

3

forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)(citations omitted). A genuine issue of material fact exists "if the evidence [presented by the non-moving party] is such that a reasonable jury could return a verdict for the non-moving party." Anderson, 477 U.S. at 248. In essence, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52.

Johnson alleges that Raney, as warden of NWCX, and Campbell, as TDOC Commissioner, were put on notice of, had knowledge of, and tacitly approved the denial of medical treatment and pain medication through the TDOC administrative grievance procedure. Plaintiff further alleges that although he attempted to demonstrate in the grievance process that the denial of treatment and pain medication was an "ongoing occurrence," the defendants chose not to address substance of his grievance, but denied it as untimely. Johnson contends that Raney and Campbell had the authority to act to correct the problems set forth in his grievance but chose to disregard the substance of the grievance.

Defendants stipulate that Johnson has leukemia, a serious medical condition. Both defendants respond that they are not medical professionals, did not participate any decision concerning the provision of medical care to Johnson, and did not have the authority to develop treatment plans for, prescribe medications to, or perform medical procedures on TDOC inmates. Raney alleges that he affirmed the grievance board chairman's response that Johnson's grievance was not timely, however, he instructed the health administrator to investigate the situation. Campbell states that he did not actually review plaintiff's grievance, which was responded to by Assistance Commissioner Howard Cook, or have knowledge of plaintiff's medical condition or treatment, until the initiation of this litigation.

Johnson responds that his complaint encompasses more than liability for denying a grievance or failure to act on information in the grievance. He contends that Raney and

4

Campbell, by virtue of their positions of authority, were responsible for his medical care and quality of life and were, therefore, obligated to act to address and rectify problems with medical care once they were informed of the problems.[1] He states that any alleged direction by Raney for the health administrator to "look into" the situation is not sufficient response to relieve him of liability. Johnson believes that Raney was "obligated to ensure the plaintiff would not be left to suffer continuously" and "should make an attempt to help the plaintiff improve on his quality of life." Johnson further alleges that Campbell's failure to personally review his grievance should not relieve him of liability because of his responsibility for those to which he delegates his authority.

Plaintiff did not file a copy of his grievance as an exhibit to his complaint. The Court has now had an opportunity to review the certified copy of plaintiff's grievance which was filed as an exhibit by the defendants on May 9, 2005. State prisoners who desire to bring civil rights claims are required to exhaust all available administrative remedies prior to filing suit in federal court. 42 U.S.C. § 1997e(a); Lavista v. Beeler, 195 F.3d 254, 256 (6th Cir. 1999). The prisoner has the burden of demonstrating that he has exhausted these remedies. Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1998).

Plaintiff did not articulate any equal protection violation in his grievance. Plaintiff complained that he had not seen the doctor although he had signed up for sick call, his prescribed medication had run out, and the medication that had been prescribed was not sufficient to relieve his pain. "A plaintiff who fails to allege exhaustion of administrative remedies through 'particularized averments' does not state a claim on which relief may be granted, and his complaint must be dismissed sua sponte." Baxter v. Rose, 305 F.3d 486, 489 (6th Cir. 2002). Accordingly, the Court DISMISSES plaintiff's equal protection claim, without prejudice, pursuant to 42 U.S.C. § 1997e(a).

---

[1] The defendants knowledge, real and imputed, was obtained by virtue of reviewing plaintiff's grievance. Plaintiff fails to recognize that his argument is circuitous.

Furthermore,

> A prisoner must specifically mention the involved parties in the grievance to alert the prison officials to the problems so that the prison has a change to address the claims before they reach federal court. Curry v. Scott, 249 F.3d 493, 505 (6th Cir. 2001).

Moorer v. Price, 83 Fed. Appx. 770, 2003 WL 23095678, at **1 (6th Cir. 2003). Plaintiff's grievance did not name any defendant to this action, nor did it articulate his claims against Raney or Campbell. Thomas v. Woolum, 337 F.3d 720, 733-34 (6th Cir. 2003); Curry, 249 F.3d at 504. Although the Court notes that plaintiff's remaining claims against Raney and Campbell are clearly unexhausted. However, even assuming Johnson properly exhausted those claims, 28 U.S.C. 1997e(c)(2) provides that a court may, despite a lack of exhaustion, dismiss claims which fails to state a claim upon which relief may be granted.

> In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the Court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies.

42 U.S.C. § 1997e(c)(2).

The Eighth Amendment prohibits cruel and unusual punishment. See generally Wilson v. Seiter, 501 U.S. 294 (1991). Under the Supreme Court decision of Estelle v. Gamble, 429 U.S. 97, 104 (1976), "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' ... proscribed by the Eighth Amendment." However, not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Estelle, 429 U.S. at 105. "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." Id.

An Eighth Amendment claim consists of objective and subjective components. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Hudson v. McMillian, 503 U.S. 1, 8 (1992); Wilson, 501 U.S. at 298; Brooks v. Celeste, 39 F.3d 125, 127-28 (6th Cir. 1994); Hunt v. Reynolds, 974 F.2d 734, 735 (6th Cir. 1992). The objective component requires that the deprivation be "sufficiently serious." Farmer, 511 U.S. at 834; Hudson, 503 U.S. at 8; Wilson, 501 U.S. at 298. The subjective component requires that the official act with the requisite intent, that is, that he have a "sufficiently culpable state of mind." Farmer, 511 U.S. at 834; Wilson, 501 U.S. at 297, 302-03. The official's intent must rise at least to the level of deliberate indifference. Farmer, 511 U.S. at 834; Wilson, 501 U.S. at 303.

Within the context of Estelle claims, the objective component requires that the medical need be sufficiently serious. Hunt v. Reynolds, 974 F.2d 734, 735 (6th Cir. 1992). "A medical need is serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980)(quoting Laaman v. Helgemoe, 437 F. Supp. 269, 311 (D.N.H. 1977)).

To make out a claim of an Eighth Amendment Estelle violation, a prisoner must plead facts showing that "prison authorities have denied reasonable requests for medical treatment in the face of an obvious need for such attention where the inmate is thereby exposed to undue suffering or the threat of tangible residual injury." Westlake v. Lucas, 537 F.2d 857, 860 (6th Cir. 1976). The Court clarified the meaning of deliberate indifference in Farmer v. Brennan, as the reckless disregard of a substantial risk of serious harm; mere negligence will not suffice. Id. 511 U.S. at 835-36. Consequently, allegations of medical malpractice or negligent diagnosis and treatment fail to state an Eighth Amendment claim of cruel and unusual punishment. See Estelle, 429 U.S. at 106.

The mere fact that a defendant is in a position of authority does not allow imposition of liability against him. There is no respondeat superior liability under § 1983. See Monell

7

v. Dep't of Soc. Servs., 436 U.S. 658, 691, (1978); Copeland v. Machulis, 57 F.3d 476, 481 (6th Cir. 1995); Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984)(liability under § 1983 in a defendant's personal capacity must be predicated upon some showing of direct, active participation in the alleged misconduct); Jones v. City of Memphis, 586 F.2d 622, 624-25 (6th Cir. 1978).

In order for supervisory liability to attach, a plaintiff must prove that the official "did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on." Bass v. Robinson, 167 F.3d 1041, 1048 (6th Cir. 1999)(citations omitted). A plaintiff must show that the official "either encouraged the specific incident of misconduct or in some other way directly participated in it." Sheehee v. Luttrell, 199 F.3d 295, 300(6th Cir. 1999)(citations and quotations omitted). At the very least, "a plaintiff must show that the official ... implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." Id.

Johnson fails to allege that defendant Raney knew of any request or the denial of any request for additional medical evaluation, treatment, or medication before the filing of his grievance. Likewise, he fails to establish that defendant Campbell knew of his allegations prior to the institution of this lawsuit. He does not allege that either defendant participated in or authorized the medical decisions and actions from which his grievance arose. Bellamy v. Bradley, 729 F. 2d at 421.

Defendants' only participation in the events alleged in this complaint is their denial of the appeals of Johnson's grievance. The denial of the appeal of a prisoner's grievance cannot in itself constitute sufficient personal involvement to state a claim of constitutional dimension. Simpson v. Overton, 79 Fed. Appx. 117, 2003 WL 22435653 (6th Cir. 2003); see also Martin v. Harvey, 14 Fed. Appx. 307, 2001 WL 669983, at *2 (6th Cir. 2001)("The denial of the grievance is not the same as the denial of a request to receive medical care."). Moreover, § 1983 liability may not be imposed against the defendants for "a mere failure to

act" based upon information contained in the grievance. See Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999); Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 727-28 (6th Cir. 1996).

Indisputably, plaintiff's medical condition is serious. However, Johnson's medical records and his own allegations establish that he received continuous medical evaluation and treatment, although admittedly, the medication provided did not relieve the pain associated with his condition. The affidavit of Dr. Lester Lewis[2] revealed that prior to the grievance, plaintiff was transferred to the DeBerry Special Needs Facility (DSNF) for evaluation or possible surgery in an apparent effort to relieve his serious pain. Dr. Lewis was reviewing plaintiff's medical records on the very date plaintiff signed his grievance, October 11, 2002, to schedule the gastroenterology consult which the DSNF physician recommended take place before any surgery. Despite the lack of any indication of unconstitutional conduct, defendant Raney requested the health administrator to check on the situation.

Johnson contends the Raney's request to look into the situation was insufficient and that the defendants ratified the allegedly unconstitutional behavior by failing to investigate or take remedial measures following their review of his grievance. Although failure to investigate may give rise to § 1983 supervisory liability, see Walker v. Norris, 917 F.2d 1449, 1457 (6th Cir. 1990) and Marchese v. Lucas, 758 F.2d 181, 188 (6th Cir. 1985), the reasoning in Walker and the analysis in its progeny indicate that evidence of the "failure to investigate" can only establish municipal liability. In Dyer v. Casey, 1995 WL 712765, at **2 (6th Cir. 1995), the Court stated that "the theory underlying [Marchese and Lucas (citations omitted)] is that the municipality's failure to investigate or discipline amounts to a 'ratification' of the officer's conduct."

---

[2] Lewis was previously dismissed as a defendant by order entered August 4, 2004.

9

In Walker, the Sixth Circuit distinguished Marchese because the Court "imposed the broad investigative responsibilities outlines in Marchese upon the Sheriff in his official capacity." Walker, 917 F.2d at 1457 ("The Sheriff is sued here in his official capacity and in that capacity, he had a duty to both know and act."). In 1998, the Sixth Circuit affirmed the dismissal of a claim of supervisory liability based on the "failure to investigate" stating:

> Young's claim against defendants McAninch and Goff is based solely on their alleged failure to investigate defendant Ward's behavior towards Young. Although Young stated that defendants McAninch and Goff had knowledge of his allegations against defendant Ward, this is insufficient to meet the standard that they either condoned, encouraged or knowingly acquiesced in the misconduct.

Young v. Ward, 1998 WL 384564 *1 (6th Cir. 1998). Plaintiff's claims against Raney and Campbell are brought against them in their individual capacities,[3] therefore his claims based upon ratification or failure to take any remedial measure fail to state any claim upon which relief may be granted.

A violation of oath of office under Tenn. Code Ann. § 41-1-103 fails to provide any basis for a civil action under § 1983. Pendleton v Mills, 73 S.W.3d 115, 130 (Tenn. App. 2001). Section 1983 does not in and of itself create substantive rights. Rather, 42 U.S.C. § 1983 provides a vehicle for remedying the violation of rights created by federal law. American Manufacturers Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985). Contrary to plaintiff's argument, prison officials are not insurers of prisoners' safety. Cockrum v. State of Tennessee, 843 S.W.2d 433, 437 (Tenn. App. 1992).

Plaintiff has not provided the Court with copies of TDOC policy numbers 103.10, 118.01, and 501.02 and fails, does not cite to any specific provisions of the policies, and does not allege specific actions of the defendants which violated the polices. However,

---

[3] On March 8, 2004, the Court dismissed any claims against the defendants in their official capacities. Furthermore, on April 7, 2004, Johnson filed a motion to amend his complaint and amended complaint which clarified that his claims were against the defendants in their individual capacities only.

procedural requirements alone do not create a substantive liberty interest, and mere violation of such procedures is not a constitutional violation. Hewitt v. Helms, 459 U.S. 460, 471 (1983). Cf. Harrill v. Blount County, TN, 55 F.3d 1123, 1125 (6th Cir. 1995)(state law cannot create a federal constitutional right); Spruytte v. Walters, 753 F.2d 498, 508 (6th Cir. 1985)(violation of state law does not by itself constitute deprivation of due process).

Accordingly, there is no genuine issue of material fact as to plaintiff's remaining claims and the defendants are entitled to judgment as a matter of law. The defendants' motion for summary judgment is GRANTED.

The next issue to be addressed is whether plaintiff should be allowed to appeal this decision in forma pauperis. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. Accordingly, with regard to the claim dismissed for want of exhaustion, any appeal of that claim would also be subject to immediate dismissal. Accordingly, plaintiff would not yet be able to present that issue in good faith on appeal, and thus any appeal of that claim would be frivolous. In this case, for the reasons expressed above, there is no genuine issue of material fact that the remainder of plaintiff's claims fail to state a claim upon which relief can be granted. As reasonable jurists could not differ regarding this conclusion, the Court concludes that an appeal of the dismissal of those issues would also be frivolous.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith, and plaintiff may not proceed on appeal in forma pauperis.

The final matter to be addressed is the assessment of a filing fee if plaintiff appeals the dismissal of this case. The United States Court of Appeals for the Sixth Circuit has held

that a certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997). McGore sets out specific procedures for implementing the PLRA. Therefore, the plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and § 1915(b).

IT IS SO ORDERED this 23rd day of June, 2005.

JAMES D. TODD
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 59 in case 1:03-CV-01037 was distributed by fax, mail, or direct printing on June 24, 2005 to the parties listed.

---

Michael B. Schwegler
Office of the Attorney General
P.O. Box 20207
Nashville, TN 37202--020

William L. Johnson
NWCX - Site 2
#337618
960 State Route 212
Tiptonville, TN 38079

Honorable James Todd
US DISTRICT COURT